**Lori MARTINEZ, individually and as personal representative of the estate of Bryce Dixon, deceased, and Darlene Seufzer, individually and o/b/o Brittany Walker, Plaintiffs,**

**v.**

**FORD MOTOR COMPANY, Defendant.**

**No. 8:06–cv–798–T–26MAP.**

United States District Court,
M.D. Florida,
Tampa Division.

April 26, 2007.

Maria D. Tejedor, John Bengier, Attorneys Trial Group, Orlando, FL, for Plaintiffs.

Francis M. McDonald, Jr., Shayne A. Thomas, Carlton Fields, P.A., Orlando, FL, Defendant.

### ORDER

LAZZARA, District Judge.

This cause comes before the Court on Defendants' motion for partial summary judgment and exhibits (dkt. 43) and Plaintiffs' memorandum in opposition thereto with exhibits (dkt. 50).

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Having done so, the Court finds that Defendant's motion for partial summary judgment is due to be granted.

Plaintiffs sue Defendant in a four-count complaint for negligence, strict liability, failure to warn, and breach of warranty. The action arises out of a single vehicle crash involving Bryce Dixon's ("Ms. Dixon") 2002 Ford Mustang ("the Mustang"). The crash occurred off of a paved roadway after the Mustang hit a sign and rolled over numerous times. All three occupants were ejected from the vehicle. Ms. Dixon's injuries were fatal. Plaintiffs, who are the mothers of Ms. Dixon and Brittany Walker (the two front seat passengers), claim that the seat belts in the Mustang were defective and also that the vehicle should have been equipped with side and rear windows composed of laminated, rather than tempered, glass glazing. Defendant Ford Motor Company seeks partial summary judgment on grounds that the claims pertaining to the vehicle's windows are preempted by federal law, specifically Federal Motor Vehicle Safety Standard 205 ("FMVSS 205"), the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § § 30101, *et seq.*, and by operation of the Supremacy Clause of the United States Constitution.

 FMVSS 205 sets out a list of seven permissible materials for automotive glazing, including laminated glass, glass-plastic, tempered glass, and plastic. (*See* Dkt. 43, Ex. A, 49 C.F.R. § 471.205 & Ex. B., ANSI Standard ANS Z26.1–1996.) The Supremacy Clause of the United States Constitution provides that the laws of the United States: "shall be the supreme Law of the land; ... any thing in the Constitution or Law of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause empowers Congress to preempt state law. *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986). Federal preemption of state law can occur in three situations: (1) where Congress specifically preempts state law; (2) where preemption is implied because Congress has occupied the entire field; and (3) where preemption is implied because there is an actual conflict between federal and state law. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299–300, 108 S.Ct. 1145,

99 L.Ed.2d 316 (1988). Only the third scenario is relevant to the instant lawsuit. Where federal preemption is claimed because a state law conflicts with congressional action, federal law preempts where the state law "stands as an obstacle to accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 300, 108 S.Ct. 1145 (citing *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)).

■ Defendant asserts, and this Court agrees, that in determining whether a FMVSS preempts a design defect claim, the key factor to consider is whether the standard permits the manufacturer to make a choice between available options and whether the design defect claim would foreclose choosing that option. As Defendants point out, many courts have held that a state court design defect claim based upon the failure to adopt one of the available options is impliedly preempted when an FMVSS provides a manufacturer with an option to achieve the desired objective of the standard. *See Geier v. American Honda Motor Co., Inc.,* 529 U.S. 861, 881, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000) (concluding that since FMVSS 208 was deliberately designed to provide manufacturers with no airbag, passive restraint options, a state court action based on allegations that the manufacturer was compelled to choose one option over another available under the regulation frustrated the federal regulatory scheme and was, therefore, preempted by the federal regulation); *Griffith v. General Motors Corp.,* 303 F.3d 1276, 1282 (11th Cir.2002) (finding that if a successful suit would foreclose an option specifically permitted by FMVSS 208, federal preemption applies); *James v. Mazda Motor Corp.,* 222 F.3d 1323, 1326 (11th Cir.2000) (finding that a suit against defendants for their exercise of an option provided by FMVSS 208 conflicts with federal law and, therefore, is impliedly preempted); *Wood v. General Motors Corp.,* 865 F.2d 395, 412–14 (1st Cir.1988) (determining that plaintiff's claim alleging defective design where defendant complied with third option, rather than either of the first two options allowed by FMVSS, was impliedly preempted); *Courtney v. Mitsubishi Motors Corp.,* 926 F.Supp. 223, 226 (D.Mass.1996) (determining that compliance with one of the three provisions allowed by FMVSS 208 results in a finding that the plaintiff's defective design claim under state common law is preempted).

■ Just as FMVSS 208, at issue in the foregoing line of cases, provides auto manufacturers with passive restraint options, FMVSS 205, at issue here, provides auto manufacturers with window glazing material options. Those options specifically allow for the use of tempered glass. The Court agrees with Defendant that the analysis used to find preemption in the above cases should be applied in the instant case. In *O'Hara v. General Motors Corp.,* 2006 WL 1094427 *5 (N.D.Tex. 2006), the court found that a tort law requiring liability based on a manufacturer's decision to use tempered glass was an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in creating FMVSS 205. (*See* copy of decision at Dkt. 43, Ex. C.) As a result, the court held that the state law design defect claim was federally preempted and granted summary judgment in favor of defendants. *See id.* at *5–6.

The court, in *Brown v. Land Rover North America, Inc.,* No. 01–1923–G, 2006 WL 2560273 (Sup.Ct., Suffolk County, Mass.2006), reached a similar result in granting a motion for partial dismissal. (*See* copy of decision at Dkt. 43, Ex. D.) The same type of window glazing arguments were made by the plaintiffs regarding Land Rover's decision to install tempered, rather than laminated glass. In granting, the defendants' motion for partial dismissal, the court noted that:

a logical following of the aforementioned case law requires this court to conclude that Mr. Brown's crashworthiness claim frustrates the federal regulatory scheme and is therefore preempted by the federal regulation. It is of no consequence that this case involved FMVSS 205 rather than FMVSS 208.

(*Id.* at 3.)

Plaintiff urges that it is the Supreme Court's decision in *Sprietsma v. Mercury Marine*, 537 U.S. 51, 123 S.Ct. 518, 154 L.Ed.2d 466 (2002) that is actually controlling here. In *Sprietsma*, the Court considered whether the U.S. Coast Guard's decision not to mandate propeller guards on all recreational motor boat engines impliedly preempted common law claims that a boat manufacturer was negligent for failing to install a propeller guard on a particular boat. *Id.* at 56–69, 123 S.Ct. 518. The Court held that the agency's decision not to regulate did not, in itself, exert any preemptive force. *Id.* at 69, 123 S.Ct. 518. In reaching this holding, the Court found that the Coast Guard's decision presented a sharp contrast to the decision of the Secretary of Transportation that was given preemptive effect in *Geier. Id.* at 67, 123 S.Ct. 518. The Court reasoned that FMVSS 208, at issue in *Geier*, embodied an affirmative "policy judgment that safety would best be promoted if manufacturers installed alternative protection systems in their fleets, rather than one particular system in every car." *Id.* (citing *Geier*, 529 U.S. at 881, 120 S.Ct. 1913). The Court discussed that in finding preemption in *Geier*, it had placed "weight upon the DOT's interpretation of FMVSS 208's objectives and its conclusion ... that a tort suit would "stand as an obstacle to the accomplishment and execution of those objectives." " *Id.* (citing *Geier*, 529 U.S. at 883, 120 S.Ct. 1913.) The Court added that:

> Congress had delegated DOT authority to implement the statute; the subject matter is technical; and the relevant history and background are complex and extensive. The agency is likely to have a thorough understanding of its own regulation and its objectives and is "uniquely qualified" to comprehend the likely impact of state requirements.

*Id.*

In light of the foregoing, the Court concludes that this case warrants the same analysis and result as *Geier, Wood, Courtney, Heinricher, O'Hara,* and *Brown.* Plaintiff's claim that Ford should have designed the vehicle with laminated glass is federally preempted because the option for utilizing tempered glass is specifically preserved under the regulatory scheme of FMVSS 205.

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED** that Defendant's motion for partial summary judgment (dkt. 43) is granted.